ON REHEARING
Before COVINGTON, EDWARDS and COLE, JJ.
EDWARDS, Judge.
We granted a rehearing to redetermine whether or not the driver of the lumber truck had the last clear chance to avoid the accident.
The three elements of the doctrine of last clear chance, as we indicated in our original opinion are: (1) the plaintiff must have been in a position of peril of which he was unaware and from which he was unable to extricate himself; (2) the defendant must have been aware of plaintiff’s peril, or should have been aware of plaintiff’s peril, by the exercise of ordinary and reasonable care; and (3) the defendant by the exercise of ordinary and reasonable care must have been able to have avoided the accident. See Mitchell v. Sigrest, 345 So.2d 141 (La. App. 1st Cir. 1977).
In the present case Timmy Woodard negligently entered a position of peril when he arrived some four feet behind the truck as it started to move backwards. It is doubtful, given the time element involved, that the truck driver had time to stop the truck when it started to move in reverse gear, even had he been aware of Timmy Woodard’s presence. However, he was not proven to have been aware of Timmy’s presence. Nor is it shown that the driver should reasonably have been aware of Timmy’s peril. Because of the height of the cab of the truck, the rear axle mountings, and the wheels themselves, Timmy was in all probability in the driver’s blind spot. Even if we assume that the truck was equipped with rear view and side mirrors, we are uncertain that the driver could have seen Timmy, because he was out of the driver’s field of vision. In any event, the burden was on plaintiff to show that the driver knew or should reasonably have known of Timmy’s position of peril. Mitchell, supra. All plaintiff presents us with is conjecture. Plaintiff has not met the burden of proof.
Plaintiff relies heavily upon the decision of the Louisiana Supreme Court in Guilbeau v. Liberty Mutual Insurance Company, 338 So.2d 600 (La.1976). The facts in Guilbeau differ sharply from the facts of the present case. In Guilbeau, the truck driver struck a pedestrian who was unaware of the truck’s presence, and who was, in fact, walking away from the truck. Also, in Guilbeau, the truck backed some 1500 feet, not 4 feet, as in the present case.
In sum, the present accident was unfortunate, but it was not proven that the truck driver had the last clear chance to avoid the accident.
The original opinion of this court is reinstated and plaintiff’s suit is dismissed.
COLE, J., respectfully dissents.